| United States Bankruptcy Court<br>Eastern District of New York | Voluntary Petition |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Tudor Oaks Owners Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**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** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**101-526 Tudor Lane**<br>**Middle Island, NY**<br><div align="right">ZIP Code<br>**11963**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**Suffolk** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**Tudor Oaks Owners Corp.**<br>**c/o Pirozzi Management**<br>**67-50 Thorton Place**<br>**Forest Hills, NY**<div align="right">ZIP Code<br>**11375**</div> | Mailing Address of Joint Debtor (if different from street address):<div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
| --- | --- | --- |
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>■ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7  ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>■ Chapter 11  ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ■ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
| --- | --- |
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
| --- | --- |
| ■ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Tudor Oaks Owners Corp.** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr><td><b>Exhibit A</b><br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td><td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)      (Date)</td></tr>
</table>

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐ Yes, and Exhibit C is attached and made a part of this petition. |
| ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
|       _____<br>      (Name of landlord that obtained judgment) |
|       _____<br>      (Address of landlord) |
| ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| **Voluntary Petition** | **Name of Debtor(s):** |
|---|---|
| *(This page must be completed and filed in every case)* | Tudor Oaks Owners Corp. |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X **/s/ Gary B. Sachs**    *Gary B Sachs*
Signature of Attorney for Debtor(s)

**Gary B. Sachs**
Printed Name of Attorney for Debtor(s)

**Sachs & Associates, PLLC**
Firm Name

**East Tower, 15th Floor, 1425 RXR Plaza**
**1425 RXR Plaza**
**Uniondale, NY 11556-1425**

Address

        **Email: gsachs43@gmail.com**
**516-663-6585  Fax: 516-663-6785**
Telephone Number

**May 18, 2011**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Jeffrey Pirozzi**     *Secy*
Signature of Authorized Individual

**Jeffrey Pirozzi**
Printed Name of Authorized Individual

**Secretary**
Title of Authorized Individual

**May 18, 2011**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------x

In re:                                    CHAPTER 11

TUDOR OAKS OWNERS CORP.          · Case No.

--------------------------------------------------------x

## **CORPORATE RESOLUTION**

I, Jeffrey Pirozzi, Secreary, hereby certify that at a meeting of the Members of the

above-captioned Corporation (the "Corporation"), duly held on the 29th day of April,

2011, the following resolution was unanimously adopted:

> "RESOLVED, that by reason of the Corporation being unable to pay its
> debts as they mature, it is deemed expedient, necessary, and in the best
> interests of the Corporation, it shareholders and unit owners, that the
> Corporation seek relief under Title 11 of the United States Code from such
> circumstance and condition, and that the Corporation, is hereby
> authorized, empowered and directed, under the provisions of the
> Corporation's by-laws to institute a reorganization proceeding pursuant to
> Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"),
> and to retain the law firm of Sachs & Associates, PLLC, East Tower, 15th
> Floor, 1425 RXR Plaza, Uniondale, N.Y. 11556-1425, as counsel for the
> Corporation in such proceedings, and to prepare, execute and deliver, in
> the name of the Corporation, or cause to be prepared, executed and
> delivered in its name, any and all petitions, pleadings, schedules, financial
> statements, affidavits, proposals, plans, arrangements, agreements or
> instruments whatsoever, and make do and perform any and all other things
> whatsoever, all upon such terms and conditions deemed necessary, proper
> or appropriate in the discretion of the foregoing officer or officers to
> accomplish the foregoing purposes."

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal of the

Corporation this 18th day of May, 2011.

/s/ Jeffrey Pirozzi
Jeffrey Pirozzi
Secretary

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):** Tudor Oaks Owners Corp.                **CASE NO.:** _____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor *(or any other petitioner)* hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☒ NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.

☐ THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:

1. CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____          *[If closed]* Date of closing:_____

CURRENT STATUS OF RELATED CASE: _____
                                     (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: _____

2. CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____          *[If closed]* Date of closing:_____

CURRENT STATUS OF RELATED CASE: _____
                                     (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: _____

3. CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____          *[If closed]* Date of closing:_____

CURRENT STATUS OF RELATED CASE: _____
                                     (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: _____

(OVER)

DISCLOSURE OF RELATED CASES (cont'd)

*NOTE:* Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): __Y__

CERTIFICATION (to be signed by pro se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.

/s/ Gary B. Sachs

**Gary B. Sachs**
**Signature of Debtor's Attorney**
**Sachs & Associates, PLLC**
**East Tower, 15th Floor, 1425 RXR Plaza**
**1425 RXR Plaza**
**Uniondale, NY 11556-1425**
**516-663-6585 Fax:516-663-6785**

_____
Signature of Pro Se Debtor/Petitioner

_____
Signature of Pro Se Joint Debtor/Petitioner

_____
Mailing Address of Debtor/Petitioner

_____
City, State, Zip Code

_____
Area Code and Telephone Number

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.

# United States Bankruptcy Court
## Eastern District of New York

In re __Tudor Oaks Owners Corp.__

Debtor(s)

Case No. _____

Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Tudor Oaks Owners Corp.__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

May 18, 2011
_____
Date

/s/ Gary B. Sachs
_____
Gary B. Sachs
Signature of Attorney or Litigant
Counsel for __Tudor Oaks Owners Corp.__
Sachs & Associates, PLLC
East Tower, 15th Floor, 1425 RXR Plaza
1425 RXR Plaza
Uniondale, NY 11556-1425
516-663-6585 Fax:516-663-6785
gsachs43@gmail.com

In re    **Tudor Oaks Owners Corp.**                Case No. _____

                                Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Five buildings containing 105 cooperative units at 101-526 Tudor Lane, Middle Island, NY 11953** | **fee** | - | **1,300,000.00** | **3,211,000.00** |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Sub-Total > | | 1,300,000.00 | (Total of this page) |
|  | Total > | | 1,300,000.00 | |

     (Report also on Summary of Schedules)

  **0**    continuation sheets attached to the Schedule of Real Property

In re **Tudor Oaks Owners Corp.**                                                            Case No. _____

_____
                           Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | at HSBC, Forest Hills, NY | - | 1,000.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | usual policies kept in ordinary course of business | - | Unknown |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total >  | 1,000.00 |
|---|---|---|
|  | (Total of this page) | |

__2__  continuation sheets attached to the Schedule of Personal Property

In re    **Tudor Oaks Owners Corp.**                                             Case No. _____
                                            _____,
                                                Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Maintenance due from 28 unit owners and the sponsor in the approximate amont of $100,000.00.** | - | 85,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 85,000.00 |
| (Total of this page) | |

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

In re   **Tudor Oaks Owners Corp.**                                  Case No. _____

                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | desk, fax machine and phone system | - | 100.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | snowblower, lawnmower and cleaning supplies. | - | 3,000.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | 70 proprietary leases. | - | Unknown |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 3,100.00 |
| Total > | 89,100.00 |

(Report also on Summary of Schedules)

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                        Best Case Bankruptcy

In re **Tudor Oaks Owners Corp.**                                   Case No. _____

                          Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | **1st mortgage on substantially all assets of Debtor** | | | | | |
| **Bank of America, N.A.** **c/o Jeffrey Whitlatch** **7090 Duncourtney Drive** **Atlanta, GA 30328** | | - | | | | | | |
| | | | Value $              1,300,000.00 | | | | 2,900,000.00 | 1,600,000.00 |
| Account No. | | | **2nd mortgage on substantially all assets of Debtor.** | | | | | |
| **NCB F.S.B.** **c/ Jeffrey Whitlatch** **7090 Duncourtney Drive** **Atlanta, GA 30328** | | - | | | | | | |
| | | | Value $              1,300,000.00 | | | | 311,000.00 | 311,000.00 |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

<u>**0**</u>    continuation sheets attached

| | Subtotal (Total of this page) | 3,211,000.00 | 1,911,000.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 3,211,000.00 | 1,911,000.00 |

In re   **Tudor Oaks Owners Corp.**                                 Case No. _____

                                       Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

 

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                               **1**     continuation sheets attached

In re __Tudor Oaks Owners Corp.__      Case No. _____

                                      Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J / C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Internal Revenue Service** <br> **1040 Waverly Avenue** <br> **Holtsville, NY 11742** | - | | | | | | 7,500.00 | 0.00 <br><br> 7,500.00 |
| Account No. <br><br> **New York State Department** <br> **of Taxation and Finance** <br> **State Campus** <br> **Albany, NY 12227** | - | | | | | | 3,500.00 | 0.00 <br><br> 3,500.00 |
| Account No. <br><br><br><br> | | | | | | | | |
| Account No. <br><br><br><br> | | | | | | | | |
| Account No. <br><br><br><br> | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal <br> (Total of this page) | 0.00 <br> 11,000.00 | 0.00 <br> 11,000.00 |
|---|---|---|---|
| | Total <br> (Report on Summary of Schedules) | 0.00 <br> 11,000.00 | 0.00 <br> 11,000.00 |

In re   **Tudor Oaks Owners Corp.**                                    Case No. _____

                                      Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. | | | | | | | | | |
| CBS Electric, Inc. 260 Madison Avenue 8th Floor New York, NY 10016 | - | | | | | | | | 30,000.00 |
| Account No. | | | | | | | | | |
| James V. Diodato, et al. c/o J. David Eldridge, Es 811 West Jericho Turnpike Suite 201W Smithtown, NY 11787 | | | | | | X | X | X | Unknown |
| Account No. | | | | | | | | | |
| Jet Sanitation 228 Blydenburgh Road Islandia, NY 11749 | - | | | | | | | | 2,250.00 |
| Account No. | | | | | | | | | |
| National Grid P.O. Box 9037 Hicksville, NY 11802-9037 | - | | | | | | | | 41,463.55 |

  **2**   continuation sheets attached

Subtotal
(Total of this page)                                73,713.55

In re __TUDOR OAKS OWNERS CORP._____,  Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> S & A Mechanical <br> 422 Tudor Lane <br> Middle Island, NY 11953 | | - | | | | | 1,800.00 |
| Account No. <br><br> Sarisohn Law Partners, LL <br> 350 Veteran's Memorial Pk <br> Commack, NY 11725 | | - | | | | | 6,000.00 |
| Account No. <br><br> Scientific Exterminating <br> 599 Lake Avenue <br> Saint James, NY 11780 | | - | | | | | 489.00 |
| Account No. <br><br> SOS Cesspool <br> 6 Redbud Court <br> Miller Place, NY 11764 | | - | | | | | 4,453.00 |
| Account No. <br><br> Suffolk County Water Auth <br> 2045 Route 12 <br> Suite 5 <br> Coram, NY 11727 | | - | | | | | 950.00 |

Sheet no. __1__ of __2__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)   13,692.00

In re    **Tudor Oaks Owners Corp.**        Case No. _____

                                     Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Winters Bros. Recycling Corp.** <br> **c/o Brian P. Neary P.C.** <br> **50 Elm Street** <br> **Huntington, NY 11743** | - | | | X | X | X | **40,000.00** |
| Account No. <br><br><br><br> | | | | | | | |
| Account No. <br><br><br><br> | | | | | | | |
| Account No. <br><br><br><br> | | | | | | | |
| Account No. <br><br><br><br> | | | | | | | |

Sheet no. __2__ of __2__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                       Subtotal         **40,000.00**
              (Total of this page)

                            Total        **127,405.55**
     (Report on Summary of Schedules)

In re    **Tudor Oaks Owners Corp.**                 Case No. _____

<div align="center">Debtor</div>

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **See Attached Schedule** | **Approximately 70 different proprietary leases for the units owned by individuals and the sponsor (see attached schedule)** |

**0** continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

In re   **Tudor Oaks Owners Corp.**                                    Case No. _____

<div align="center">Debtor</div>

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0** _____ continuation sheets attached to Schedule of Codebtors

# United States Bankruptcy Court
### Eastern District of New York

In re    **Tudor Oaks Owners Corp.**                 Case No. _____

                           Debtor

Chapter _____ **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 1,300,000.00 | | |
| B - Personal Property | Yes | 3 | 89,100.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 3,211,000.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 11,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 127,405.55 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 12 | | | |
| Total Assets | | | 1,389,100.00 | | |
| Total Liabilities | | | | 3,349,405.55 | |

# United States Bankruptcy Court
## Eastern District of New York

In re   **Tudor Oaks Owners Corp.**

                                         Debtor(s)

Case No. _____

Chapter   **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Secretary of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**14**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **May 18, 2011** _____

Signature     /s/ Jeffrey Pirozzi _____
                        **Jeffrey Pirozzi**
                        **Secretary**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
### Eastern District of New York

In re  **Tudor Oaks Owners Corp.**

Debtor(s)

Case No.

Chapter  **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Bank of America, N.A.**<br>**c/o Jeffrey Whitlatch**<br>**7090 Duncourtney Drive**<br>**Atlanta, GA 30328** | | | | **2,900,000.00**<br><br>**(1,750,000.00 secured)** |
| **CBS Electric, Inc.**<br>**260 Madison Avenue**<br>**8th Floor**<br>**New York, NY 10016** | | | | **30,000.00** |
| **Internal Revenue Service**<br>**1040 Waverly Avenue**<br>**Holtsville, NY 11742** | **Internal Revenue Service**<br>**1040 Waverly Avenue**<br>**Holtsville, NY 11742** | | | **7,500.00** |
| **James V. Diodato, et al.**<br>**c/o J. David Eldridge, Es**<br>**811 West Jericho Turnpike**<br>**Suite 201W**<br>**Smithtown, NY 11787** | | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **Unknown** |
| **Jet Sanitation**<br>**228 Blydenburgh Road**<br>**Islandia, NY 11749** | | | | **2,250.00** |
| **National Grid**<br>**P.O. Box 9037**<br>**Hicksville, NY 11802-9037** | | | | **41,463.55** |
| **NCB F.S.B.**<br>**c/ Jeffrey Whitlatch**<br>**7090 Duncourtney Drive**<br>**Atlanta, GA 30328** | | **2nd mortgage on substantially all assets of Debtor.** | | **311,000.00**<br><br>**(1,750,000.00 secured)** |
| **New York State Department of Taxation and Finance**<br>**State Campus**<br>**Albany, NY 12227** | **New York State Department of Taxation and Finance**<br>**State Campus**<br>**Albany, NY 12227** | | | **3,500.00** |
| **S & A Mechanical**<br>**422 Tudor Lane**<br>**Middle Island, NY 11953** | | | | **1,800.00** |
| **Sarisohn Law Partners, LL**<br>**350 Veteran's Memorial Pk**<br>**Commack, NY 11725** | | | | **6,000.00** |

In re  **Tudor Oaks Owners Corp.**                         Case No. _____

                                     Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Scientific Exterminating**<br>**599 Lake Avenue**<br>**Saint James, NY 11780** | | | | **489.00** |
| **SOS Cesspool**<br>**6 Redbud Court**<br>**Miller Place, NY 11764** | | | | **4,453.00** |
| **Suffolk County Water Auth**<br>**2045 Route 12**<br>**Suite 5**<br>**Coram, NY 11727** | | | | **950.00** |
| **Winters Bros. Recycling Corp.**<br>**c/o Brian P. Neary P.C.**<br>**50 Elm Street**<br>**Huntington, NY 11743** | **Winters Bros. Recycling Corp.**<br>**c/o Brian P. Neary P.C.**<br>**Huntington, NY 11743** | | **Contingent**<br>**Unliquidated**<br>**Disputed** | **40,000.00** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

      I, the Secretary of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  **May 18, 2011**           Signature  **/s/ Jeffrey Pirozzi**
                                        **Jeffrey Pirozzi**
                                        **Secretary**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Eastern District of New York

In re __Tudor Oaks Owners Corp.__        Case No. _____

                               Debtor(s)        Chapter    **11**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$793,598.00** | **Operations 2009** |
| **$623,892.00** | **Operations 2010** |
| **$335,000.00** | **Operations 1/1/11-5/18/11** |

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| **$0.00** | **none** |

**3. Payments to creditors**

None ■

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **James V. Diodato, et al. v. Tudor Oaks Owners Corp., et al.**<br>**c/o J. David Eldridge, Esq.**<br>**811 West Jericho Turnpike, Suite 201W**<br>**Smithtown, NY 11787** | **Breach of fiduciary duty, mismanagement** | **Supreme Court of the State New York, Suffolk County**<br>**Index No. 08-30406** | **pending** |
| **Winters Bros. Recycling Corp. v. Tudor Oaks Owners Corp.** | **Breach of Contract** | **Supreme Court of the State of New York, Suffolk County** | **Pending** |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately
■ preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 5. Repossessions, foreclosures and returns

None List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
■ returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
■ this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
■ preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
■ and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or**
■ **since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Sachs & Associates** **1425 RXR Plaza** **East Tower, 15th Floor** **Uniondale, NY 11556-1425** | **See annexed 2016 Statement** | **See annexed 2016 Statement** |

### 10. Other transfers

None ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18 . Nature, location and name of business**

None
■
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

None
■
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |
| **Larry Melzer, CPA**<br>**Melzer & Associates, CPAs, P.C.**<br>**505 Eighth Avenue**<br>**Suite 701**<br>**New York, NY** | **2009 to present** |

None
■
b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
| --- | --- | --- |

None
☐
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
| --- | --- |
| **Pirozzi Management** | **67-50 Thorton Place**<br>**Forest Hills, NY 11375** |

None
☐
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS
**NCB F.S.B.**
**c/o Jeffrey Whitlatch**
**7090 Duncourtney Drive**
**Atlanta, GA 30328**

DATE ISSUED

---

**20. Inventories**

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **See annexed list of equity holders** | | |

---

**22 . Former partners, officers, directors and shareholders**

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **May 18, 2011**                    Signature    **/s/ Jeffrey Pirozzi**
                                                        **Jeffrey Pirozzi**
                                                        **Secretary**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

TUDOR OAKS OWNERS CORP.

Debtor.

In Proceeding for Reorganization

Chapter 11

Case No. 11-

------------------------------------------------------------X

## RULE 1007-4 AFFIDAVIT

STATE OF NEW YORK )
                 ) SS.:
COUNTY OF NASSAU )

JEFFREY PIROZZI, being duly sworn, deposes and says:

1.    I am the Secretary of the Tudor Oaks Owners Corp. (the "Debtor"), the above-named petitioner.

2.    The Debtor is a corporation which is engaged in the business of owning a cooperative complex of 105 residential units. The complex is on approximately ten acres and is composed of five buildings located at 101-526 Tudor Lane, Middle Island, New York. Of the 105 units, approximately 35 are owned by the sponsor (Tudor Oaks Associates, Ltd.), and 70 are owned by individual third parties.

3.    I am advised by counsel that the Debtor is not a "small business" but is a single asset real estate proceeding as the terms are defined in the Bankruptcy Code.

4.    The Debtor has personal property with an approximate value of $90,000.00 comprised of, among other things, cash in the sum of $1,000,00 account receivables with a value of $85,000.00, and machinery and equipment with a value of $3,000.00. The Debtor has real property with an approximate value of $1,750,000.00.

The Debtor's liabilities total approximately $3,240,000.00, of which $11,000.00 represents priority claims, $3,200,000.00 represents secured creditors' claims and $128,000.00 represents unsecured creditors' claims.

5.     At this time, no property of the Debtor is in the possession or custody and control of any public officer, receiver, trustee or assignee for the benefit of creditors, mortgages, pledges or assignees.  There are  (2) actions currently pending against the Debtor in the Supreme Court of the State of New York in Suffolk County, one of which bears Index Number 08-30406 with the following party as plaintiff:  James V. Diodato, et al. This action is disputed and is still in the discovery stage.  The other action which, upon information and belief, does not have an index number at this time, is as follows: Winter Bros. Recycling Corp. v. Tudor Oaks Owners Corp.  This action is also disputed.

6.     A list of the creditors holding the twenty (20) largest unsecured claims against the Debtor's estate, together with their addresses and the amount due, is annexed to the Debtor's petition.  A schedule of secured creditors is also annexed hereto which reflects that the Debtor has two secured creditor holding claims in the approximate amount of $3,200,000.00.

7.     The Debtor's payroll including taxes for its one full time and one part-time employee for the thirty (30) day period following the filing of the petition herein is approximately $4,000.00.    None of its officers receive any compensation from the Debtor.  For its first thirty days, its operations on a cash basis in this proceeding should be on a break-even basis, as per the annexed schedule.  The operations of the Debtor since its inception were managed by its Board of Directors and by "Perozzi Management" who monthly receives $2,400.00. Perozzi Management has been in the

business of managing real property for over twenty years and manages other residential complexes in the metropolitan area.

8.     The two secured creditors in its proceeding hold liens (mortgages and security interest) on substantially all of the Debtor's assets.  The Debtor has defaulted on its payments to its secured creditors because its cash flow has not been sufficient to pay same.  Its lack of cash flow has been caused by two main reasons.  First, certain of its unit owners did not make their maintenance payments and owe in excess of $100,000.00.  Second, the Debtor has been required to expend an unusual amount of its revenues for repairs to the complex and to bring its operating system up to the requirements of the Amended Fire Code.

9.     The two secured creditors have indicated they intend to institute foreclosure actions on their mortgages.  Their purpose for such actions would be to become the owners of the complex's 105 units and terminate the ownership interest and proprietary lease of the unit owners.  Accordingly, the Debtor's filing is necessitated to preserve its assets and maintain the ownership interest and residences of its unit owners and leasees.  If the secured creditors foreclose on their mortgages, the unit owners' proprietary leases would be terminated with the serious potential consequences that over 100 people (some of which are elderly and some who have made all their payments) will have to find new residences as they will be tossed into the street.

10.     The Debtor for the first thirty days of its proceeding will have a positive cash flow, as per the annexed schedule.

11.     The Debtor believes that with the protection of this Court, it will be able to maintain and preserve its assets, restructure its mortgages and debts, and propose a

meaningful and acceptable plan of reorganization to its creditors. Prepetition, the Debtor was not able to restructure its debts.

**WHEREFORE**, your Deponent prays that the Debtor be continued in the operation and management of its business and affairs pending further order of this Court.

/s/ Jeffrey Pirozzi
Jeffrey Pirozzi

Sworn to before me
this 18th day of May, 2011

/s/ Gary B. Sachs
Notary Public

GARY B. SACHS
Notary Public, State of New York
No. 02SA4809517
Qualified in Nassau County
Commission Expires Jan. 31, 201__

4

## TUDOR OAKS CASH FLOW
## <u>FIRST THIRTY DAYS</u>

**<u>Income</u>**                              $55,000.00

**<u>Expenses</u>**

| | |
|---|---|
| Payroll and Taxes | $ 4,600.00 |
| Management Fees | 2,400.00 |
| Real Estate Taxes | 19,000.00 |
| Telephone | 500.00 |
| Insurance | 2,700.00 |
| Landscaping | 1,000.00 |
| Supplies | 3,000.00 |
| Electric | 1,000.00 |
| Water and Sewer | 5,000.00 |
| Repairs and maintenance | <u>10,000.00</u> |

TOTAL EXPENSES                  <u>$49,200.00</u>

**POSITIVE CASH**                          **<u>$5,800.00</u>**

# United States Bankruptcy Court
### Eastern District of New York

In re    **Tudor Oaks Owners Corp.**                         Case No. _____

                                    Debtor(s)          Chapter    **11** _____

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date:    **May 18, 2011** _____        /s/ Jeffrey Pirozzi

                                        **Jeffrey Pirozzi/Secretary**
                                        Signer/Title

Date:    **May 18, 2011** _____        /s/ Gary B. Sachs

                                        Signature of Attorney
                                        **Gary B. Sachs**
                                        **Sachs & Associates, PLLC**
                                        **East Tower, 15th Floor, 1425 RXR Plaza**
                                        **1425 RXR Plaza**
                                        **Uniondale, NY 11556-1425**
                                        **516-663-6585   Fax: 516-663-6785**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                            Best Case Bankruptcy

Bank of America, N.A.
c/o Jeffrey Whitlatch
7090 Duncourtney Drive
Atlanta, GA 30328


CBS Electric, Inc.
260 Madison Avenue
8th Floor
New York, NY 10016


Internal Revenue Service
1040 Waverly Avenue
Holtsville, NY 11742


James V. Diodato, et al.
c/o J. David Eldridge, Es
811 West Jericho Turnpike
Suite 201W
Smithtown, NY 11787


Jet Sanitation
228 Blydenburgh Road
Islandia, NY 11749


National Grid
P.O. Box 9037
Hicksville, NY 11802-9037


NCB F.S.B.
c/ Jeffrey Whitlatch
7090 Duncourtney Drive
Atlanta, GA 30328


New York State Department
of Taxation and Finance
State Campus
Albany, NY 12227


S & A Mechanical
422 Tudor Lane
Middle Island, NY 11953


Sarisohn Law Partners, LL
350 Veteran's Memorial Pk
Commack, NY 11725

Scientific Exterminating
599 Lake Avenue
Saint James, NY 11780


See Attached Schedule


SOS Cesspool
6 Redbud Court
Miller Place, NY 11764


Suffolk County Water Auth
2045 Route 12
Suite 5
Coram, NY 11727


Winters Bros. Recycling
Corp.
c/o Brian P. Neary P.C.
50 Elm Street
Huntington, NY 11743